Per curiam

Whenever an act of an outrageous kind is committed, and in order to its being punishable, the law requires a certain disposition of mind to accompaily *326 ,ít. The act being once proved 10 be committed, the law will presume it done with ditvt disposition, till »b»> Defert-s dant shews the contrary — as in the case of killing, teat being proved, the law wii! presume it was done with malice, prepense, till the. contrary he shewn by the evidence ; so here, tin law requiring the act of biting off the finger to be done on purpose, unlawfully, and with intent to matin, when the act itself is proved, the law will presume it. was done on purpose, and with intent to maim, as it actually was a maim, till the ev¡deuce.shew-ed! the contra"}' — such as that, it was done by accident, or done in such a manner as \yas rot likely to he attended will» that effect; or that t he act done was in'pursuance of some office or sentence of the law, as slitting the nose, in the case of a conviction and judgment of forgery, by the proper officer ; or that it was done for the necessary self-defence of the party, against, some great bodily haem attempted by the person maimed, and that there was no other me., ns of proven ting the mischief, or other circumstances of the like kind. So such circumstances of excuse or justification have appeared or the evidence ¡u ¡he present case. Had Nicholson made ¡he first assaull, perhaps it might have-justified íite other in beating him, but it c.'-uld not justify t> maim. Nicholson’s behaviour in the present ease was sorely very improper, but the Defendant has carried his chastisement too far. This is a practice that ought <o be disrouraged, and if a sudden rencounter shall be d>cmed soffit iem !o excuse the party maiming, from the penalties of this branch of ¡he. act, it will he of very little avail ; for then in every sudden affray, the one party may bite off the nose, fingers, &c. of the other, and excuse hims< f by saying it was done" in the heat of passion, upon a sudden affray. And though Nicholson would have no right to complain, had he received a gentle scourging from the Defendant; yet the other party being a man, as the evidence is, of very superior bodily powers, (here cannot be the least excuse for acting as he lias done.
The jury convicted the Defendant, and he w:.s fi>cd five, pounds, and sentenced to six months imprisonment/ according to the act ot Assembly.
Note. — Vide State v. Irwin, ante 112.